BILL SMITH v. THE STATE.

No. 6170. Decided April 27, 1921.

**1.—Theft of Automobile—Accomplice Testimony—Charge of Court—Verdict By Lot.**

Where defendant's requested charge on accomplice testimony was submitted to the jury, there was no error on that ground, nor was there error to warn the jury against finding a verdict by lot. Following Driver v. State, 37 Texas Crim. Rep., 160, and other cases.

**2.—Same—Evidence—Circumstantial Evidence—Charge of Court.**

Where the conviction was based upon circumstantial evidence, there was no error in admitting testimony by the owner of the alleged stolen automobile that it was his custom to park his car at the place from which it was stolen, the court instructing on circumstantial evidence.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of theft of an automobile; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. M. Cureton*, Attorney General, and *C. L. Stone*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the theft of an automobile; punishment fixed at confinement in the penitentiary for five years.

We find no occasion to state the facts, suffice it to say that they support the conviction.

Two exceptions to the charge appear: the first referring to accomplice testimony, which was completely met by the reading to the jury of appellant's special charge; and the second relating to an instruction warning the jury against finding a verdict by lot. This practice has been approved; and in the present procedure we find no departure from precedents. Driver v. State, 37 Texas Crim. Rep., 160; McKelvey v. State, 69 Texas Crim. Rep., 538, 155 S. W. Rep., 932.

The automobile was stolen from Wilkerson. At the time of the theft, it was parked upon a certain street° in Dallas. Complaint is made of the receipt of testimony from Wilkerson that it was his custom to park his car at the place from which it was stolen. From the bill as qualified it appears that the appellant had made an agreement to sell the car before it was stolen. We fail to perceive any hurtful consequences likely to result from the receipt of the testimony even if it was incompetent. In the state of the present record we think it is relevant as a circumstance bearing upon the merits of the case

The prosecution was upon circumstantial evidence and the jury was accurately instructed upon the law covering that subject.

The judgment is affirmed.

*Affirmed.*